Filed 8/23/23  P. v. Montgomery CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>JUSTIN MONTGOMERY,<br><br>　　Defendant and Appellant. | B325823<br><br>(Los Angeles County<br>Super. Ct. No. BA284010-02) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, George G. Lomeli, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal; Justin Montgomery, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Justin Montgomery was convicted following a jury trial in 2007 of attempted murder (Pen. Code, §§ 187, subd. (a), 664),[1] assault with a semiautomatic firearm (§ 245, subd. (b)), shooting at an occupied motor vehicle (§ 246) and possession for sale or transportation of marijuana and cocaine (Health & Saf. Code, §§ 11359, 11351.5, 11352, subd. (a), 11360, subd. (a)).  Criminal street gang (§ 186.22, subd. (b)) and firearm enhancements (§§ 12022, subd. (a)(1), 12022, subd. (c), 12022.53, subd. (b)) were found true.  We affirmed Montgomery's convictions on direct appeal but remanded for further proceedings because of error in considering a prior felony strike conviction in the absence of adjudication or an admission.  (*People v. Montgomery* (Sept. 2, 2009, B208165) [nonpub. opn.] (*Montgomery I*).)  On remand the trial court found the prior strike allegation to be true and reimposed the original aggregate sentence of 45 years to life.  We affirmed the judgment.  (*People v. Montgomery* (Oct. 24, 2011, B225344) [nonpub. opn.] (*Montgomery II*).)

On February 11, 2021 the superior court summarily denied Montgomery's petition for resentencing under former section 1170.95 (since renumbered section 1172.6), ruling Montgomery was ineligible for relief because he had been convicted of attempted murder, not murder.  While Montgomery's appeal was pending, the Legislature amended former section 1170.95 to expressly include within its reach certain convictions for attempted murder and voluntary manslaughter.  In light of this new legislation, we remanded Montgomery's case for the superior court to appoint counsel for Montgomery and to determine in accordance with the procedures described in former

---

[1]    Statutory references are to this code unless otherwise stated.

section 1170.95, subdivision (c), whether Montgomery had made a prima facie showing he was entitled to relief. (*People v. Montgomery* (Jan. 19, 2022, B311367) [nonpub. opn.] (*Montgomery III*).)

On remand, after appointing counsel for Montgomery and receiving a response from the prosecutor and a reply from Montgomery's counsel, the superior court on August 16, 2022 again denied Montgomery's petition, finding Montgomery was ineligible for resentencing relief as a matter of law because there were no instructions at his trial on the natural and probable consequences doctrine nor was that theory argued to the jury.

No arguable issues have been identified following review of the record by Montgomery's appointed appellate counsel. We also have identified no arguable issues after our own independent review of the record and analysis of the contention presented by Montgomery in his supplemental brief. We affirm.

## FACTUAL BACKGROUND

As described in our opinion reversing the February 2021 order summarily denying Montgomery's petition for resentencing (*Montgomery III*, *supra*, B311367), the evidence at trial established that Montgomery was the driver of a van under surveillance by the Los Angeles Police Department. Saul Eady, Montgomery's codefendant, and a third man were also in the van. As detectives monitored the van, one of them observed a person in the passenger side of the van reach out and fire four or five shots toward an alley. Detectives went to the alley to investigate and found Curtis Muse, who admitted he had been a member of the Crips at one time. The area where the shooting occurred was controlled by the Black P Stones, a rival Bloods gang. Muse was uninjured, but his car had several bullet holes in it. Muse told

the detectives he had been in the driver's seat of his car at the time of the shooting.

Detectives took control of the van after it was parked and its occupants left. From its interior they recovered a nine-millimeter semiautomatic handgun and a pump-action shotgun. Shell casings found at the shooting scene were matched to the handgun. A substantial quantity of rock cocaine and marijuana was also found inside the van. The People's gang expert testified that both Montgomery and Eady were members of the Black P Stones.

The jury found Montgomery guilty of attempted murder, assault with a semiautomatic firearm, shooting at an occupied motor vehicle and possession for sale or transportation of marijuana and cocaine and found true related criminal street gang and firearm enhancements. The jury did not find true that the crime attempted was willful, deliberate and premeditated murder.

## DISCUSSION

We appointed counsel to represent Montgomery on appeal from the denial of his postjudgment petition. After reviewing the record, appointed counsel did not identify any arguable issues and so informed this court. Appointed counsel advised Montgomery on June 30, 2023 that he was filing a brief stating he was unable to find arguable issues and that Montgomery could personally submit any contentions he believed the court should consider.

On August 3, 2023 we received a one-page handwritten supplemental brief from Montgomery in which he asked us to address the issue raised in the reply brief filed in the superior court by his appointed counsel. In that reply brief Montgomery's

4

counsel argued, although the trial court had rejected the prosecutor's request to instruct the jury on the natural and probable consequences doctrine, the prosecutor had, in effect, argued that theory to the jury and Montgomery's ineligibility for resentencing relief could not be determined as a matter of law from the record of conviction. Counsel noted, for example, that the prosecutor in closing argument stated, "Mr. Eady discharged that weapon with the intent to kill him, to kill Mr. Muse. And that act can be imputed to Mr. Montgomery because he was aiding and abetting." Not only the act, counsel argued, but also Eady's express malice could have been imputed to Montgomery by the jury.

However, elsewhere in the reply brief Montgomery's counsel quoted the prosecutor explaining in language that accurately tracked CALCRIM No. 3.01—the aiding and abetting instruction the court gave the jury—"[A] person aids and abets the commission or alleged commission of a crime when he or she, one, with the knowledge of the unlawful purpose of the perpetrator, and with the intent or purpose of committing or encouraging or facilitating the commission of the crime, and by act or advice aids, promotes, encourages, or investigates the commission of the crime." As the superior court ruled, whatever lack of precision there may have been in portions of the prosecutor's closing argument when viewed in isolation, the record of conviction—the jury instructions and the verdict— unequivocally demonstrated that Montgomery was convicted of attempted murder as a direct aider and abettor, not under a now-invalid theory of imputed malice.

Because no cognizable legal issues have been raised by Montgomery's appellate counsel or by Montgomery or identified

5

in our independent review of the record, the order denying his petition for resentencing is affirmed.  (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 231-232; see also *People v. Serrano* (2012) 211 Cal.App.4th 496, 503; see generally *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The postjudgment order is affirmed.


PERLUSS, P. J.

We concur:


SEGAL, J.


FEUER, J.